## Wells & French Co. v. Michael Novak.

VERDICTS—*Duty of Trial Court, When Against the Weight of the Evidence.*—When a verdict is clearly against the weight of the evidence it is the duty of the trial court to set it aside and award a new trial.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed February 14, 1898.

OTIS H. WALDO, attorney for appellant.

CASE & HOGAN and MUNSON T. CASE, attorneys for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee, on March 2, 1893, while pulling a truck loaded with iron through a passage way of the car shops of appellant, in whose employ he then was and had been continuously from the previous August, was caught by the movable part of a heavy machine called a "Bull-dozer," used for the purpose of bending large bars of iron, located near the passage way, and so injured that it became necessary to amputate his right leg twice.

A trial before the court and a jury resulted in a verdict and judgment for appellee of $5,000. Appellant has assigned twelve errors, but in the brief only three are pointed out, and we are justified in concluding that the others are waived.

First. A witness, who was shown to have been familiar with the locality where appellee was injured, with the machine on which he was injured, its workings and location, was asked by appellee's counsel this question:

"Now, Mr. Witness, I will ask you, if the placing of a wire netting, or stringing wire to the east of that machine, the bull-dozer, could have been done without interfering with the work of the bull-dozer?"

The question was objected to on the ground that the witness had not been shown to be qualified by knowledge or experience which entitled him to express an opinion, and also because it was leading. We think the question was clearly leading, and the objection, for that reason, should have been sustained, but such matters are largely in the discretion of the trial court, and we are not prepared to hold that this error should

Wells & French Co. v. Novak.

be a cause for reversal. We think the other objection not tenable.

Second. The thirtieth instruction asked for appellant, and refused, was properly refused, because not justified by the evidence.

Third. Appellant's main point of contention is that the clear preponderance of the evidence is against the verdict.

The original bill of exceptions, made a part of the record, contains the following statement, apparently written therein by the trial judge, viz.:

"And the court, in denying said motion, although stating that the preponderance of evidence was, in its judgment, with the defendant, bases its denial on the ground of the character and extent of the injury to the plaintiff and the propriety of a review of the evidence by the Appellate Court, sitting as a jury.

"Brentano, J."

The abstract of the evidence contains 141 pages, and in order to set out and discuss the evidence, it would unnecessarily extend this opinion. We have given it careful and patient examination, guided by the rules of law urged upon us by appellee's counsel as to the weight to be given to the verdict of a jury by an appellate tribunal, and are not only forced to the conclusion of the trial court, that the preponderance of the evidence is with the defendant, but that the verdict is clearly against the weight of the evidence. The only eyewitnesses of the accident, who testified as to how it occurred, were appellee and four witnesses for appellant. The four witnesses, one of whom appears to be wholly disinterested, are in direct conflict with appellee, and their evidence tends strongly to establish contributory negligence of appellee which would debar his right of recovery. Besides, appellee's testimony in material parts is directly impeached by his evidence

on a former trial of the same case, as well as by circumstances as to which there is no conflict of evidence. The fact that appellee's right leg was injured, is a strong corroboration of the evidence of appellant's witnesses, because it is quite probable that his right leg would have been injured if the accident happened as they said it did, and equally improbable that this leg would have been injured if the accident occurred as testified by appellee. One man, who was pushing the truck which appellee was pulling at the time of the injury, was not called. Why he was not called, is not explained, and he may be produced on another trial.

We think it was clearly the duty of the trial court to have awarded a new trial, and not to have subjected the parties to the delay and expense of this appeal.

The judgment is reversed and the cause remanded.